UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IEESHA MARTHA IRVING,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE,

    Defendant.

CASE NO. 3:20-cv-05734-BHS

REPORT AND RECOMMENDATION

NOTED FOR: August 21, 2020

Plaintiff's *in forma pauperis* application is before the Court on referral pursuant to 28 U.S.C § 636 and this Court's Amended General Order 02-19.

Plaintiff, proceeding *pro se*, seeks to bring claims against the United States Postal Service ("USPS") under the Federal Tort Claims Act, 28 U.S.C. § 2674 ("FTCA"), for failing to deliver a package and refusing to compensate plaintiff for her loss. *See* Dkt. 1-1. However, plaintiff cannot bring a FTCA claim against USPS because it has sovereign immunity from claims arising out of any loss of postal packages, and this Court lacks subject matter jurisdiction. Because

REPORT AND RECOMMENDATION - 1

amendment would be futile, the Court recommends that plaintiff's *in forma pauperis* action be denied, her complaint be dismissed without prejudice, and the case be closed.

## BACKGROUND

Plaintiff alleges that on July 2, 2020, a USPS "worker misdelivered [her] prescription glasses to [the] wrong address." Dkt. 1-1, at 5. Plaintiff alleges that USPS "did not recover the package [and] refuse[d] to compensate" her for the loss. *Id.* Plaintiff further alleges that she is legally blind, the glasses were a birthday present for herself, and that she does not have the funds to reorder a new pair of glasses. *Id.* at 5. Plaintiff brings suit against USPS under the FTCA. *See id.* at 3. Plaintiff seeks compensatory and punitive damages. *See id.*

## DISCUSSION

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, the Court has the authority to *sua sponte* dismiss her complaint if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Although the Court must liberally construe a *pro se* complaint, it cannot supply essential elements of a claim that were not pleaded. *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Under the FTCA, the United States may be held liable for the tortious acts of its employees. 28 U.S.C. § 2674; *Daniel v. United States*, 889 F.3d 978, 981 (9th Cir. 2018). The FTCA waives the Unites States' sovereign immunity for tort claims for injury or loss of property against the federal government in cases where a private individual may be held liable under "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Additionally, there is a general waiver of sovereign immunity allowing USPS "to sue and be sued in its official name." 39 U.S.C. § 401(1); *see also* 39 U.S.C. § 409(c) (providing that the FTCA applies to tort claims arising out of USPS activities). However, there are several exceptions that severely limit

1 the FTCA's waiver of sovereign immunity.  *See* 28 U.S.C. § 2680.  "If a plaintiff's tort claim falls within one of these exceptions, the district court lacks subject matter jurisdiction." *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017), *amended on reh'g*, 868 F.3d 1048 (9th Cir. 2017).  One of the exceptions is for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matters." 28 U.S.C. § 2680(b); *see also Gomabon v. USPS*, CIVIL 17-00417 LEK-RLP, 2018 WL 1613770, at *3 (D. Haw. Mar. 30, 2018) (dismissing a plaintiff's FTCA claim against USPS based on lost packages).

Here, plaintiff's allegation that a USPS "worker misdelivered" plaintiff's package falls squarely within this exception.  Dkt. 1-1, at 5; 28 U.S.C. § 2680(b).  Plaintiff's additional allegations that USPS "did not recover the package" and "refuse[d] to compensate" her for the loss also fall within this exception because they arise from the loss of postal matters.  Dkt. 1-1, at 5; 28 U.S.C. § 2680(b).  Thus, USPS has not waived its sovereign immunity, and this Court lacks subject matter jurisdiction.  *See Snyder*, 859 F.3d at 1157.

Even generously construing her complaint, plaintiff has failed to state a viable claim under the FTCA.  Although the Court will generally offer a *pro se* plaintiff leave to amend, leave to amend will not be granted where amendment would be futile.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000).  Here, there is no viable FTCA claim against USPS for failing to deliver, locate, or compensate plaintiff for her lost package.  Therefore, the District Court should deny plaintiff's *in forma pauperis* application and dismiss this matter without prejudice, without offering plaintiff an additional opportunity to amend her proposed complaint.

## CONCLUSION

The District Court should deny plaintiff's *in forma pauperis* application, dismiss her complaint without prejudice, and close this matter.

1  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
3  6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*
4  review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
5  of those objections for purposes of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
6  *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit
7  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 21,**
8  **2020,** as noted in the caption.

Dated this 5th day of August, 2020.

J. Richard Creatura
United States Magistrate Judge